IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES YOUNG, | * | Civil Action No.: |
| Plaintiff, | * | 09-cv-02837-RDB |
| v. | * | |
| BALTIMORE CITY POLICE | * | Baltimore, Maryland |
| DEPARTMENT, et al., | * | March 5, 2010 |
| Defendants. | * | 2:08 p.m. to 2:31 p.m. |

The above-entitled case came on for a motions hearing before the Honorable Richard D. Bennett, United States District Judge.

A P P E A R A N C E S

For the Plaintiff:

Jason E. Silverstein, Esquire

Jane G. Loving, Esquire


For the Defendant BPD:

Paulos Iyob, Esquire


For the Defendants Workley, Kienle and Maggio:

Michael Marshall, Esquire

Lindsay C. Cooper, Esquire


Marianne R. Hewitt, Official Court Reporter

1               P R O C E E D I N G S:

2          THE CLERK:  All rise.  The United States District

3     Court For The District of Maryland is now in session.  The

4     Honorable Richard D. Bennett presiding.

5          THE COURT:  Good afternoon, everyone.

6          MR. SILVERSTEIN:  Good afternoon, Your Honor.

7          MR. IYOB:  Good afternoon, Your Honor.

8          THE COURT:  You've been waiting for a few minutes.

9          Madam Clerk, if you'll call the case, please.

10         THE CLERK:  The case pending before this Court is

11    James Young versus Baltimore City Police, et al. for a pending

12    motions hearing.

13         THE COURT:  Yes, good afternoon.

14         And counsel, if you'll identify yourselves for the

15    record, please.

16         MR. SILVERSTEIN:  Good afternoon, Your Honor.  My name

17    is Jason Silverstein from the Law Offices of Roland Walker and

18    Marc Zayon.

19         MS. LOVING:  And Jane Loving.

20         THE COURT:  Yes.  Ms. Loving and Mr. Silverstein, nice

21    to see you.

22         MR. SILVERSTEIN:  Nice to see you, Your Honor.

23         THE COURT:  And tell Mr. Walker I send my regards.  I

24    expected to see him today and it's always nice to see him.

25         MR. SILVERSTEIN:  Yes.  He told me to apologize, he

1   got delayed in circuit court and --

2          THE COURT:  That's quite all right.  Tell him I sent

3   my regards.

4          And on behalf of the defendants.

5          MR. IYOB:  Good afternoon, Your Honor.  Paulos Iyob

6   here on behalf of the Baltimore Police Department.

7          MS. COOPER:  Hi, good afternoon, Your Honor.  Lindsay

8   Cooper on behalf of Defendants Kienle, Workley and Maggio.

9          MR. MARSHALL:  And Michael Marshall on behalf of the

10  defendant police officers.

11         THE COURT:  Yes, nice to see you.

12         Mr. Iyob, am I pronouncing that correctly?

13         MR. IYOB:  Mr. Iyob, Your Honor.

14         THE COURT:  Iyob, Mr. Iyob, it's nice to see you and

15  welcome.

16         And Ms. Cooper and Mr. Marshall, nice to see you.  And

17  I thought I might see Mr. Weiner and Mr. Belsky over here

18  today.

19         MR. MARSHALL:  Sure.

20         MS. COOPER:  No, Your Honor.

21         MR. MARSHALL:  We're here.

22         THE COURT:  That's right.  And also Mr. Nelson, I

23  thought I might see him.  So it's nice to see all of you here.

24         This case has been set in for a hearing on the motion

25  to remand, Paper Number 13.  Let me -- you all may be seated

1  for a moment here.

2        Let me just provide what I believe is the procedural

3  posture here of this case.  And if I'm mistaken in that regard

4  you all can let me know.

5        Presently pending -- this case was originally filed in

6  the Circuit Court for Baltimore City and a notice of removal

7  was filed on October the 28th, and then there was a motion to

8  file a -- for leave to file a First Amended Complaint.  And

9  then presently pending before this Court is Paper Number 13,

10  motion to remand the state -- the case to the state court, the

11  Circuit Court for Baltimore City, which was filed on November

12  the 11th.

13        There was also a motion to dismiss the complaint,

14  which has been filed but there is really no response yet

15  because the motion to remand has been pending.  The response to

16  the motion to remand was filed on November 16th.

17        And let me begin by apologizing to counsel for the

18  delay in this case.  I do apologize to you for somehow this

19  case fell through the cracks a little bit and that's why we've

20  got it on track.  And I do apologize to all the lawyers in the

21  case for having a delay of a few months here on this.

22        The only two pending motions I have are the --

23  according to the docket sheet are the motion to remand on which

24  we're going to hear argument this afternoon, and the motion for

25  leave to file a First Amended Complaint.

1    There has been no opposition filed and in light of the

2    response that has been filed by the Baltimore City Police

3    Department, as well as the individual Defendants Kienle -- if

4    I'm pronouncing that correctly.

5         MS. COOPER:  Your Honor, I believe it's Kienle.

6         THE COURT:  Kienle.  Thank you very much, Ms. Cooper.

7         MS. COOPER:  You're welcome.

8         THE COURT:  -- Sergeant Workley and Officer Maggio.

9    It is that there is no opposition to the filing the motion for

10   leave to file a First Amended Complaint but there are legal

11   implications that flow from that.

12        Am I correct in understanding that there is no

13   opposition to this leave to file the First Amended Complaint,

14   Mr. Iyob; is that correct from the point of view of the police

15   department?

16        MR. IYOB:  From the point of view of the police

17   department, Your Honor.

18        THE COURT:  Thank you.

19        Ms. Cooper, Mr. Marshall; is that correct from your

20   point of view?

21        MS. COOPER:  That's correct, Your Honor.

22        THE COURT:  All right, okay.  I will grant the motion

23   for leave to file the First Amended Complaint because the

24   matter of the amended complaint is of some substance here,

25   obviously, in terms of my dealing with the motion to remand.

1        So the motion for leave to file the First Amended

2   Complaint, Paper Number 10, is granted by consent of the

3   parties for the reasons indicated here in open court.

4        Now as to the motion to remand, Paper Number 13, I

5   think we begin, and correct me if I'm wrong, but we certainly

6   begin with the posture of the case that all federal claims have

7   been now dropped.

8        Is that correct, Mr. Silverstein and Ms. Loving, there

9   are no federal claims under the U.S. Constitution presently; is

10  that correct, Ms. Loving on this?

11       MS. LOVING:  That's correct.

12       THE COURT:  Okay, all right.  And --

13       MR. SILVERSTEIN:  Your Honor.

14       THE COURT:  Yes, Mr. Silverstein.

15       MR. SILVERSTEIN:  There is one thing we wanted to put

16  on the record at defense's request.  Attached to their document

17  Number 16 is an order --

18       THE COURT:  A proposed order, yes.

19       MR. SILVERSTEIN:  -- that it be dismissed with

20  prejudice.

21       THE COURT:  Yes.

22       MR. SILVERSTEIN:  We all agree to that, Your Honor.

23       THE COURT:  Yes, I understand.

24       MR. SILVERSTEIN:  So I just wanted --

25       THE COURT:  I was going to get -- I trust that.

1        MR. SILVERSTEIN:  Okay.

2        THE COURT:  So I gather the posture is is that the

3   plaintiffs -- the plaintiff, rather, clearly is not only

4   dropping any and all claims under the U.S. Constitution and any

5   federal constitutional claims but agrees that the posture of

6   the case is is that as to those claims they may be dismissed

7   with prejudice.

8        MR. SILVERSTEIN:  Correct, Your Honor.

9        THE COURT:  All right.  So again we'll deal with that

10  in terms of the subsequent order in the case.

11        But the federal constitutional claims and that is any

12  claims not only arising under the United States Constitution

13  but any federal claims, any claims under federal law are being

14  dismissed with prejudice, correct?

15        MR. SILVERSTEIN:  Yes, Your Honor.

16        THE COURT:  All right, okay.  So that is the

17  procedural posture of it.

18        So that now being the procedural posture I'll be glad

19  to hear from you, Mr. Silverstein or Ms. Loving, in terms of

20  the motion to remand.

21        MR. SILVERSTEIN:  Thank you, Your Honor.

22        THE COURT:  Do you want to proceed, Mr. Silverstein,

23  I'll be glad to hear from you.

24        MR. SILVERSTEIN:  Actually if you would allow me to.

25        THE COURT:  Certainly, I'll be glad to hear from you.

1    MR. SILVERSTEIN:  Your Honor, I believe and I think

2    defense would agree that the issue falls squarely on this

3    Court, it is up to this Court to make a determination at this

4    point.

5    There is no direct rule that requires Your Honor to

6    send it back to state court, and there is certainly no rule

7    that requires Your Honor to keep it here.

8    The issues that I think come to light are whether

9    according to the Gibbs case whether the issue of "judicial

10   economy, convenience and fairness to litigants" is whether the

11   issue should be done with here or in the state court.

12   And absolutely no disrespect to this Court as Gibbs

13   states the state courts are more apt or more prepared to deal

14   with the state issues that are entailed here, not that this

15   Court is not capable of it but that's what they are set up for.

16   In that there is no federal issues left we believe

17   that this issue would better be resolved in the state courts

18   where the state court -- the judges on a daily business deal

19   with these exact issues, the Maryland constitution and those

20   issues.

21   I realize that actually we did -- one moment please,

22   Your Honor, I apologize.

23   THE COURT:  You are referring to United Mine Workers

24   versus Gibbs, the --

25   MR. SILVERSTEIN:  Yes, Your Honor.

1      THE COURT:  -- Supreme Court opinion at 383 U.S. 715,

2  which both you and the defendants have cited in your papers.

3      MR. SILVERSTEIN:  Correct, Your Honor.

4      THE COURT:  All right.

5      MR. SILVERSTEIN:  And I don't speak -- and I don't

6  want to speak for defense counsel that there is any allegation

7  of any bad faith on behalf of the plaintiff in this case, it

8  was a misworded document.

9      The original complaint was misworded, there was no --

10  I believe Ms. Loving will certainly tell you it was not her

11  intention to create federal jurisdiction when she originally

12  filed the first complaint and that was --

13      THE COURT:  Well, let me ask you about it, Mr.

14  Silverstein.

15      As to that I certainly understand that but the amended

16  complaint is couched in terms of a local government tort claims

17  act claim.

18      Count One for malice and gross negligence, Count Two

19  is gross negligence, Count Three is assault and battery, Count

20  Four is false imprisonment, Count Five is abusive process and

21  Count Six is punitive damages, correct?

22      MR. SILVERSTEIN:  Correct, Your Honor.

23      THE COURT:  There is no claim here for excessive abuse

24  of force.

25      MR. SILVERSTEIN:  You are correct, Your Honor.

1   THE COURT:  All right.  And if there is no claim for

2   excessive abuse of force there is no -- essentially you are

3   proceeding on a doctrine of respondeat superior as to a suit

4   against the city police department as to the alleged acts of

5   these individual police officers.

6   MR. SILVERSTEIN:  Yes.  And I think that then goes

7   into the second motion that was filed, as well as the city

8   police department itself as an entity can even be sued.

9   THE COURT:  Well, the issue becomes whether or not

10  there is a policy or practice under the Mennell case in terms

11  of what usually comes up in excessive force cases.

12  MR. SILVERSTEIN:  Yes.

13  THE COURT:  But you're not suing for excessive force

14  here.

15  MR. SILVERSTEIN:  That is not an allegation, Your

16  Honor.

17  THE COURT:  All right.  Do you understand the

18  implications of the position you are taking here in terms of

19  not being able to subsequently seek to amend in state court to

20  claim an excessive -- make an excessive force claim?

21  MR. SILVERSTEIN:  I'm sorry, Your Honor, can you

22  explain that --

23  THE COURT:  Let me just run this by you.  I mean the

24  defendants -- and I'll wait to hear from Mr. Iyob in a moment,

25  but I think the thrust has been that the concern is is that you

1  go back to state court and then you seek to re-assert some type

2  of a constitutional claim --

3          MR. SILVERSTEIN:  Yes.

4          THE COURT:  -- and seek to then amend and have an

5  excessive force claim.

6          You have not sued under Section 1983, specifically you

7  have not filed a lawsuit here making what is known as a Section

8  1983 claim, a civil rights claim here; although it seems that

9  that's essentially what you were alleging is a 1983 cause of

10  action and that's what I'm trying to clarify.

11          This is apparently not -- this is not destined to be

12  an excessive force claim; is that right?

13          MR. SILVERSTEIN:  Your Honor, I am looking at the

14  complaint as -- the amended complaint, that is.

15          THE COURT:  Yes.

16          MR. SILVERSTEIN:  And you are correct, there is no

17  count as to the excessive force complaint.

18          I guess I don't know if it is to remedy that

19  situation, Your Honor, or I guess in the future if Your Honor

20  is correct I guess in theory if you were to remand this we

21  could then add that thing and that would give rise to federal

22  jurisdiction on the excessive.

23          So I don't know if there is a way that at this point

24  some -- if that is ever alleged in the future -- and I don't

25  want to speak for Ms. Loving or Mr. Walker.  If that is ever

1   alleged if something can be done at this point to bar us from

2   actually having the federal jurisdiction I don't think that can

3   actually happen.

4         THE COURT:  Well, the point is is that the defendants

5   have apparently suggested in their draft order that there be a

6   dismissal of the federal causes of action either under the U.S.

7   Constitution --

8         MR. SILVERSTEIN:  Yes.

9         THE COURT:  -- or under federal law with prejudice.

10        MR. SILVERSTEIN:  Yes.

11        THE COURT:  So to the extent that you were to seek to

12  amend your complaint and then re-assert an excessive force

13  claim the defendants would be free then in response to that

14  amended complaint to then once again seek removal, and then

15  cite to this Court the fact that those claims have been

16  dismissed with prejudice.

17        Do you understand that?

18        MR. SILVERSTEIN:  I do understand exactly what you are

19  saying, Your Honor.

20        THE COURT:  Okay.

21        MR. SILVERSTEIN:  And I think that is the position

22  we'd have to be in, to be honest with Your Honor.  I don't

23  think there is a way around that at that point.

24        If we were to amend at that point and they were to

25  take leave to this point I think we'd be behind the proverbial

1    eight ball at that point I would say, Your Honor.

2          THE COURT:  So the point is is that you understand and

3    the implications of this are that you are not to --

4          MR. SILVERSTEIN:  Yes.

5          THE COURT:  -- you will not be able to assert.  It's

6    not that you can't nor ordinarily assert an excessive force

7    claim under state law as well but the problem is is that it

8    really is not separate and distinct --

9          MR. SILVERSTEIN:  I'd agree.

10          THE COURT:  -- from the federal cause of action, and

11    because it is not separate and distinct from the federal cause

12    of action the defendants would be free to seek removal and

13    there would be a dismissal with prejudice on that.

14          MR. SILVERSTEIN:  I absolutely understand.

15          THE COURT:  So, you know, I'll hear from Mr. Iyob in a

16    moment on that, but I understand the position of the City

17    Solicitor's office on that.

18          So anything further on this, Mr. Silverstein?

19          MR. SILVERSTEIN:  No, Your Honor, I believe that --

20          THE COURT:  All right.  Mr. Iyob, I'll be glad to hear

21    from you.

22          MR. IYOB:  Thank you, Your Honor.

23          Your Honor, Gibbs provides that where there has been a

24    dismissal --

25          THE COURT:  I can hear you, you can stand up.  We have

1    good sound, you don't need to keep speaking into the

2    microphone.  I can hear you.

3          MR. IYOB:  Thank you.  -- where there has been a

4    dismissal of the federal claims then the discretion there lies

5    in this Court to remand the case, and we would agree on that

6    point that that is what Gibbs says.

7          While we fashioned our response to their motion to

8    remand as an opposition what we essentially were seeking was

9    that the record reflect that the federal claims that they

10   unequivocally brought in the original complaint were now to be

11   dismissed with prejudice.  And in that so forth if it was

12   thereby remanded that they would not be able at the state court

13   level to amend their complaint to add federal claims, and then

14   we would find ourselves back in federal court at a later date.

15         As I understand it they have conceded to dismissing

16   those federal claims with prejudice not only under the U.S.

17   Constitution but under any federal law such as U.S.C. -- 42

18   U.S.C., Section 1982.

19         And that being the case, Your Honor, I believe the

20   relief that we're looking for would be provided under that type

21   of situation as to --

22         THE COURT:  Again, Mr. Iyob, you can stand up.  Your

23   voice is very sound, you don't need to speak into the mic.

24         MR. IYOB:  -- as to the Baltimore Police Department.

25         THE COURT:  All right.  Well, then the point I'm

1  trying to make here is to make sure I provide assurance to the

2  defendants before I rule on this motion is that even to the

3  extent that there would be an excessive force claim made under

4  Maryland law or under the Maryland constitution, for example,

5  Article 24 of the Maryland Declaration of Rights is essentially

6  the corresponding provision to equal protection and due process

7  arguments under the U.S. Constitution.

8          And it seems clear from Mr. Silverstein's response to

9  me that the -- those claims would be identical even if the U.S.

10 Constitution were not mentioned it's essentially an excessive

11 force claim and the plaintiff is knowingly making a decision

12 not to proceed under Section 1983 of -- in terms of the federal

13 cause of action referred to as a 1983 action, and in light of

14 that the -- there can be no excessive force claim that is

15 brought.

16         To the extent there was any effort to amend it to

17 assert an excessive force claim you would be entitled to remove

18 and come back here to federal court.

19         So I think the plaintiff has clearly indicated that --

20 counsel for the plaintiff has indicated he understands that,

21 and I think that provides the protection that you were

22 concerned about in the papers that you filed, Mr. Iyob, I

23 think.

24         Anything further on that from your point of view?

25         MR. IYOB:  No, Your Honor.

1          THE COURT:  All right.  Anything Ms. Cooper, Mr.

2     Marshall you want to add on this or --

3          MS. COOPER:  Well, yes, Your Honor.

4          In addition to the issues that Your Honor has raised

5     our additional concern is that we have a partial motion to

6     dismiss pending seeking to dismiss three of the six counts of

7     the First Amended Complaint.

8          And in the event that this case is remanded back to

9     the state court we would inevitably have to refile that motion,

10    including the state law procedural cases which would not only

11    further prolong this case but it would also cause our client

12    undue expense and burden in having to do so.

13         THE COURT:  What would the expense and burden be in

14    terms of other than just re-submitting the memoranda and motion

15    under the caption of the state case because you raised

16    questions of immunity and state law in those motions, I've

17    looked at them, correct?

18         There are state law questions that you've raised,

19    correct?

20         MS. COOPER:  Yes, Your Honor.

21         The substantive issues do have to do, of course, with

22    state law because they are state law cause of action, but as to

23    the federal law that would have to be replaced with state law

24    would involve the, you know, standard of review and the federal

25    cases --

1        THE COURT:  Right.

2        MS. COOPER:  -- you know, related to how a motion to

3    dismiss is handled before this Court.

4        So, you know, to avoid any more prolonged litigation

5    of this case and to avoid any prejudice to our clients we would

6    ask this Court to deny the motion.

7        THE COURT:  I understand.  And you are essentially

8    noted in terms of issues as to the economics, the judicial

9    economics of the case.

10        MS. COOPER:  Yes, Your Honor.

11        THE COURT:  Well, I certainly do consider those but

12    sometimes they are outweighed by other factors.

13        Anything further, Mr. Silverstein, from your point of

14    view?

15        MR. SILVERSTEIN:  No, Your Honor, thank you.

16        THE COURT:  All right.  Essentially this cause of

17    action was not brought under in 1983 but it has been previously

18    noted that when defendants remove a state court suit that

19    includes a federal claim to federal district court a plaintiff

20    can remove -- can essentially avoid removal by not raising any

21    federal claims.

22        If a claim is raised the plaintiff may amend the

23    complaint to delete the federal claims and then move for remand

24    to state courts.  And a district court, a federal district

25    court has discretion to remand and should do so based on

1    factors considered and exercised in supplemental jurisdiction,

2    unless the plaintiff is attempting to manipulate jurisdiction.

3    And the principle there is -- the key case is Carnegie Mellon

4    University versus Cohill, C-o-h-i-l-l, 484 U.S. 343, a 1988

5    opinion of the Supreme Court.

6         I don't find here that there is any effort to

7    manipulate jurisdiction because the plaintiff is clearly on

8    record as noting that he cannot seek to then re-assert

9    excessive force claims and dance around federal jurisdiction

10   having not made an 1983 claim here in this court.

11        Essentially the general rule has been that after a

12   case is properly removed to the federal court the plaintiff can

13   attempt to frustrate federal jurisdiction to be invoked but

14   generally such actions are not looked upon with favor.

15        In the case of St. Paul Mercury Indemnity Company

16   versus Red Cab Company, a 1938 Supreme Court opinion, after a

17   defendant removed a diversity case to federal court the

18   plaintiff amended the complaint to allege less than

19   jurisdictional amount.  And the Supreme Court held that remand

20   to state court would be inappropriate because essentially it

21   was manipulation after removal.

22        However, as I've mentioned this 1988 case, Carnegie

23   Mellon University versus Cohill, established that if a

24   plaintiff dismisses the federal claims after removal the

25   federal court has discretion as to whether to retain or remand

1   the state court claims.  And in the Carnegie Mellon University

2   versus Cohill case in 1988 the Supreme Court upheld a district

3   court's remand to state court after the plaintiff dismissed all

4   of the federal claims in that case.  Essentially it becomes a

5   matter for the exercise of the court's discretion.

6        I would note that in some similar cases in review we,

7   first of all, go under the matter of the statutory remand under

8   28 United States Code, Section 1441(c), a federal district

9   court may in its discretion remand a claim that is, one, a

10   separate and independent claim or cause of action; two, joined

11   with a federal question; three, otherwise nonremovable and a

12   matter in which state law predominates.

13        It seems clear to me that this is -- there is no

14   separate independent claim or cause of action.  This is one

15   event giving rise to this case, the events of April 1, 2009 in

16   the 1500 block of East Chase Street in Baltimore in terms of

17   activities of the police officers in relation to the Plaintiff,

18   James Young.

19        Because it is a single legal wrong that is asserted it

20   cannot be said to be a separate and independent claim.  And as

21   a general rule a district court may only remand a case

22   supported by statutory authority but again the one exception is

23   the exception noted by the Supreme Court in Carnegie Mellon

24   University versus Cohill, and that one exception is where all

25   the federal claims have been dropped and only state claims

1    remain.

2           In light of the fact that there is not a statutory

3    remand that the remand should be based upon Carnegie Mellon and

4    in Carnegie Mellon all the federal claims had been

5    distinguished and only state law claims remained, and that is

6    exactly the case here in this case so Carnegie Mellon is

7    controlling.

8           So for the reasons that I've indicated on the record

9    the first the -- an order will be entered somewhat modified,

10   and I'll formalize this and have this filed today.

11          And the order will read that essentially upon the

12   consideration of the plaintiff's motion to remand the

13   opposition of the defendants thereto and a hearing having been

14   held on this date it is hereby ordered that, one, all of the

15   plaintiff's claims against the defendants in this case arising

16   under the federal laws and under the United States Constitution

17   are hereby dismissed with prejudice and without further leave

18   to amend; and two, that the plaintiff's motion to remand to the

19   Circuit Court for Baltimore City is hereby granted for the

20   reasons indicated on the record here at this hearing.

21          And an order will be entered to that effect this

22   afternoon, and this case will be closed and remanded back to

23   the Circuit Court for Baltimore City in that fashion.

24          Is there anything further from the point of view of

25   the plaintiff on this, Mr. Silverstein or Ms. Loving?

1        MR. SILVERSTEIN:  No, Your Honor.

2        MS. LOVING:  No, Your Honor.

3        THE COURT:  All right.

4        Anything further, Mr. Iyob, from your point of view

5  from the City Solicitor's office?

6        MR. IYOB:  No, Your Honor.

7        THE COURT:  All right.  And does that -- that language

8  satisfies you in terms of continuing on in terms of the

9  representation of the Baltimore City Police Department,

10  correct?

11        MR. IYOB:  Yes, Your Honor.

12        THE COURT:  All right.  And then Ms. Cooper and Mr.

13  Marshall, from your point of view I noticed you were hoping

14  perhaps that this Court would maintain jurisdiction here but

15  having ruled under the Carnegie Mellon case, is there anything

16  else you want in the order itself because clearly any excessive

17  force claims have been dismissed with prejudice?

18        Anything further from your point of view?

19        MR. MARSHALL:  No, Your Honor.

20        MS. COOPER:  No, Your Honor.

21        THE COURT:  All right.  Well, thank you very much.

22        And say hello to your respective legal colleagues

23  telling them that I know that they were all not here because it

24  is late on a Friday afternoon and spring is approaching and so

25  that they have taken early leave.  But it goes to show who is

Page 22

1   really doing the work in the offices, tell all of them I said

2   that.

3          But send my regards, and with that this Court stands

4   adjourned.

5          MR. SILVERSTEIN:  Thank you, Your Honor.

6          MR. IYOB:  Thank you, Your Honor.

7          MS. COOPER:  Thank you, Your Honor.

8          THE CLERK:  All rise.  This Honorable Court now stands

9   adjourned.

10          (The proceedings were adjourned.)

11

12

13

14

15          I, Marianne R. Hewitt, do hereby certify that the

16   foregoing is a correct transcript from the stenographic record

17   of proceedings in the above-entitled matter.

18

19          _____

20                    Marianne R. Hewitt

21                 Official Court Reporter

22

23

24

25

**A**

**able** 10:19 13:5
  14:12
**above-entitled**
  1:10 22:17
**absolutely** 8:12
  13:14
**abuse** 9:23 10:2
**abusive** 9:20
**act** 9:17
**action** 1:3 11:10
  12:6 13:10,12
  15:13,13 16:22
  17:17 19:10,14
**actions** 18:14
**activities** 19:17
**acts** 10:4
**add** 11:21 14:13
  16:2
**addition** 16:4
**additional** 16:5
**adjourned** 22:4,9
  22:10
**afternoon** 2:5,6,7
  2:13,16 3:5,7
  4:24 20:22
  21:24
**agree** 6:22 8:2
  13:9 14:5
**agrees** 7:5
**al** 1:7 2:11
**allegation** 9:6
  10:15
**allege** 18:18
**alleged** 10:4 11:24
  12:1
**alleging** 11:9
**allow** 7:24
**amend** 10:19 11:4
  12:12,24 14:13
  15:16 17:22
  20:18
**amended** 4:8,25
  5:10,13,23,24
  6:1 9:15 11:14
  12:14 16:7
  18:18
**amount** 18:19
**apologize** 2:25
  4:18,20 8:22

**apologizing** 4:17
**apparently** 11:11
  12:5
**approaching**
  21:24
**April** 19:15
**apt** 8:13
**argument** 4:24
**arguments** 15:7
**arising** 7:12 20:15
**Article** 15:5
**assault** 9:19
**assert** 13:5,6
  15:17
**asserted** 19:19
**assurance** 15:1
**Attached** 6:16
**attempt** 18:13
**attempting** 18:2
**authority** 19:22
**avoid** 17:4,5,20

**B**

**back** 8:6 11:1
  14:14 15:18
  16:8 20:22
**bad** 9:7
**ball** 13:1
**Baltimore** 1:6,6
  2:11 3:6 4:6,11
  5:2 14:24 19:16
  20:19,23 21:9
**bar** 12:1
**based** 17:25 20:3
**battery** 9:19
**behalf** 3:4,6,8,9
  9:7
**believe** 4:2 5:5 8:1
  8:16 9:10 13:19
  14:19
**Belsky** 3:17
**Bennett** 1:11 2:4
**better** 8:17
**bit** 4:19
**block** 19:16
**BPD** 1:18
**brought** 14:10
  15:15 17:17
**burden** 16:12,13
**business** 8:18

**C**

**C** 1:13,23 2:1
**Cab** 18:16
**call** 2:9
**capable** 8:15
**caption** 16:15
**Carnegie** 18:3,22
  19:1,23 20:3,4,6
  21:15
**case** 1:10 2:9,10
  3:24 4:3,5,10,18
  4:19,21 6:6 7:6
  7:10 8:9 9:7
  10:10 14:5,19
  16:8,11,15 17:5
  17:9 18:3,12,15
  18:17,22 19:2,4
  19:15,21 20:6,6
  20:15,22 21:15
**cases** 10:11 16:10
  16:25 19:6
**cause** 11:9 13:10
  13:11 15:13
  16:11,22 17:16
  19:10,14
**causes** 12:6
**certainly** 6:5 7:25
  8:6 9:10,15
  17:11
**certify** 22:15
**Chase** 19:16
**circuit** 3:1 4:6,11
  20:19,23
**cite** 12:15
**cited** 9:2
**city** 1:6 2:11 4:6
  4:11 5:2 10:4,7
  13:16 20:19,23
  21:5,9
**civil** 1:3 11:8
**claim** 9:17,23
  10:1,20,20 11:2
  11:5,8,8,12
  12:13 13:7 15:3
  15:11,14,17
  17:19,22 18:10
  19:9,10,14,20
**claims** 6:6,9 7:4,5
  7:6,11,12,13,13
  9:16 12:15 14:4

  14:9,13,16 15:9
  17:21,23 18:9
  18:24 19:1,4,25
  19:25 20:4,5,15
  21:17
**clarify** 11:10
**clear** 15:8 19:13
**clearly** 7:3 15:19
  18:7 21:16
**Clerk** 2:2,9,10
  22:8
**client** 16:11
**clients** 17:5
**closed** 20:22
**Code** 19:8
**Cohill** 18:4,23
  19:2,24
**colleagues** 21:22
**come** 8:8 15:18
**comes** 10:11
**Company** 18:15
  18:16
**complaint** 4:8,13
  4:25 5:10,13,23
  5:24 6:2 9:9,12
  9:16 11:14,14
  11:17 12:12,14
  14:10,13 16:7
  17:23 18:18
**conceded** 14:15
**concern** 10:25
  16:5
**concerned** 15:22
**consent** 6:2
**consider** 17:11
**consideration**
  20:12
**considered** 18:1
**constitution** 6:9
  7:4,12 8:19 12:7
  14:17 15:4,7,10
  20:16
**constitutional** 7:5
  7:11 11:2
**continuing** 21:8
**controlling** 20:7
**convenience** 8:10
**Cooper** 1:23 3:7,8
  3:16,20 5:5,6,7
  5:19,21 16:1,3

**16:20** 17:2,10
  21:12,20 22:7
**correct** 5:12,14,19
  5:21 6:5,8,10,11
  7:8,14 9:3,21,22
  9:25 11:16,20
  16:17,19 21:10
  22:16
**correctly** 3:12 5:4
**corresponding**
  15:6
**couched** 9:16
**counsel** 2:14 4:17
  9:6 15:20
**count** 9:18,18,19
  9:19,20,21
  11:17
**counts** 16:6
**course** 16:21
**court** 1:1,25 2:3,5
  2:8,10,13,20,23
  3:1,2,11,14,22
  4:6,9,10,11 5:6
  5:8,18,22 6:3,12
  6:14,18,21,23,25
  7:2,9,16,22,25
  8:3,3,6,11,12,15
  8:18,23 9:1,1,4
  9:13,23 10:1,9
  10:13,17,19,23
  11:1,4,15 12:4,9
  12:11,15,20
  13:2,5,10,15,20
  13:25 14:5,12
  14:14,22,25
  15:18 16:1,9,13
  17:1,3,6,7,11,16
  17:18,19,24,25
  18:5,10,12,16,17
  18:19,20,25
  19:1,2,3,9,21,23
  20:19,23 21:3,7
  21:12,14,21
  22:3,8,21
**courts** 8:13,17
  17:24
**court's** 19:3,5
**cracks** 4:19
**create** 9:11
**C-o-h-i-l-l** 18:4

**D**

**D** 1:11 2:1,4
**daily** 8:18
**damages** 9:21
**dance** 18:9
**date** 14:14 20:14
**deal** 7:9 8:13,18
**dealing** 5:25
**decision** 15:11
**Declaration** 15:5
**defendant** 1:18
  3:10 18:17
**defendants** 1:8,21
  3:4,8 5:3 9:2
  10:24 12:4,13
  13:12 15:2
  17:18 20:13,15
**defense** 8:2 9:6
**defense's** 6:16
**delay** 4:18,21
**delayed** 3:1
**delete** 17:23
**deny** 17:6
**department** 1:7
  3:6 5:3,15,17
  10:4,8 14:24
  21:9
**destined** 11:11
**determination** 8:3
**direct** 8:5
**discretion** 14:4
  17:25 18:25
  19:5,9
**dismiss** 4:13 16:6
  16:6 17:3
**dismissal** 12:6
  13:13,24 14:4
**dismissed** 6:19
  7:6,14 12:16
  14:11 19:3
  20:17 21:17
**dismisses** 18:24
**dismissing** 14:15
**disrespect** 8:12
**distinct** 13:8,11
**distinguished**
  20:5
**district** 1:1,1,11
  2:2,3 17:19,24
  17:24 19:2,8,21

**diversity** 18:17
**DIVISION** 1:2
**docket** 4:23
**doctrine** 10:3
**document** 6:16
  9:8
**doing** 22:1
**draft** 12:5
**dropped** 6:7
  19:25
**dropping** 7:4
**due** 15:6

**E**

**E** 1:13,13,15 2:1,1
**early** 21:25
**East** 19:16
**economics** 17:8,9
**economy** 8:10
**effect** 20:21
**effort** 15:16 18:6
**eight** 13:1
**either** 12:6
**entailed** 8:14
**entered** 20:9,21
**entitled** 15:17
**entity** 10:8
**equal** 15:6
**Esquire** 1:15,16
  1:19,22,23
**essentially** 10:2
  11:9 14:8 15:5
  15:10 17:7,16
  17:20 18:11,20
  19:4 20:11
**established** 18:23
**et** 1:7 2:11
**event** 16:8 19:15
**events** 19:15
**exact** 8:19
**exactly** 12:18 20:6
**example** 15:4
**exception** 19:22
  19:23,24
**excessive** 9:23
  10:2,11,13,20,20
  11:5,12,17,22
  12:12 13:6 15:3
  15:10,14,17
  18:9 21:16

**exercise** 19:5
**exercised** 18:1
**expected** 2:24
**expense** 16:12,13
**explain** 10:22
**extent** 12:11 15:3
  15:16

**F**

**fact** 12:15 20:2
**factors** 17:12 18:1
**fairness** 8:10
**faith** 9:7
**falls** 8:2
**false** 9:20
**fashion** 20:23
**fashioned** 14:7
**favor** 18:14
**federal** 6:6,9 7:5
  7:11,13,13 8:16
  9:11 11:21 12:2
  12:6,9 13:10,11
  14:4,9,13,14,16
  14:17 15:12,18
  16:23,24 17:19
  17:19,21,23,24
  18:9,12,13,17,24
  18:25 19:4,8,11
  19:25 20:4,16
**fell** 4:19
**file** 4:8,8,25 5:10
  5:13,23 6:1
**filed** 4:5,7,11,14
  4:16 5:1,2 9:12
  10:7 11:7 15:22
  20:10
**filing** 5:9
**find** 14:14 18:6
**first** 4:8,25 5:10
  5:13,23 6:1 9:12
  16:7 19:7 20:9
**Five** 9:20
**flow** 5:11
**force** 9:24 10:2,11
  10:13,20 11:5
  11:12,17 12:12
  13:6 15:3,11,14
  15:17 18:9
  21:17
**foregoing** 22:16

**formalize** 20:10
**forth** 14:11
**Four** 9:20
**free** 12:13 13:12
**Friday** 21:24
**frustrate** 18:13
**further** 13:18
  15:24 16:11
  17:13 20:17,24
  21:4,18
**future** 11:19,24

**G**

**G** 1:16 2:1
**gather** 7:2
**general** 18:11
  19:21
**generally** 18:14
**Gibbs** 8:9,12,24
  13:23 14:6
**give** 11:21
**giving** 19:15
**glad** 7:18,23,25
  13:20
**go** 11:1 19:7
**goes** 10:6 21:25
**going** 4:24 6:25
**good** 2:5,6,7,13,16
  3:5,7 14:1
**government** 9:16
**grant** 5:22
**granted** 6:2 20:19
**gross** 9:18,19
**guess** 11:18,19,20

**H**

**handled** 17:3
**happen** 12:3
**hear** 4:24 7:19,23
  7:25 10:24
  13:15,20,25
  14:2
**hearing** 1:10 2:12
  3:24 20:13,20
**held** 18:19 20:14
**hello** 21:22
**Hewitt** 1:25 22:15
  22:20
**Hi** 3:7
**honest** 12:22

**Honor** 2:6,7,16,22
  3:5,7,13,20 5:5
  5:17,21 6:13,22
  7:8,15,21 8:1,5
  8:7,22,25 9:3,22
  9:25 10:16,21
  11:13,19,19
  12:19,22 13:1
  13:19,22,23
  14:19 15:25
  16:3,4,20 17:10
  17:15 21:1,2,6
  21:11,19,20
  22:5,6,7
**Honorable** 1:11
  2:4 22:8
**hoping** 21:13

**I**

**identical** 15:9
**identify** 2:14
**immunity** 16:16
**implications** 5:11
  10:18 13:3
**imprisonment**
  9:20
**inappropriate**
  18:20
**includes** 17:19
**including** 16:10
**Indemnity** 18:15
**independent**
  19:10,14,20
**indicated** 6:3
  15:19,20 20:8
  20:20
**individual** 5:3
  10:5
**inevitably** 16:9
**intention** 9:11
**invoked** 18:13
**involve** 16:24
**issue** 8:2,9,11,17
  10:9
**issues** 8:8,14,16
  8:19,20 16:4,21
  17:8
**Iyob** 1:19 2:7 3:5
  3:5,12,13,13,14
  3:14 5:14,16

10:24 13:15,20
13:22 14:3,22
14:24 15:22,25
21:4,6,11 22:6

**J**

**James** 1:3 2:11
19:18
**Jane** 1:16 2:19
**Jason** 1:15 2:17
**joined** 19:10
**Judge** 1:12
**judges** 8:18
**judicial** 8:9 17:8
**jurisdiction** 9:11
11:22 12:2 18:1
18:2,7,9,13
21:14
**jurisdictional**
18:19

**K**

**keep** 8:7 14:1
**key** 18:3
**Kienle** 1:21 3:8
5:3,5,6
**know** 4:4 11:18
11:23 13:15
16:24 17:2,4
21:23
**knowingly** 15:11
**known** 11:7

**L**

**language** 21:7
**late** 21:24
**law** 2:17 7:13 12:9
13:7 14:17 15:4
16:10,16,18,22
16:22,23,23
19:12 20:5
**laws** 20:16
**lawsuit** 11:7
**lawyers** 4:20
**leave** 4:8,25 5:10
5:13,23 6:1
12:25 20:17
21:25
**left** 8:16
**legal** 5:10 19:19
21:22

**level** 14:13
**lies** 14:4
**light** 5:1 8:8 15:13
20:2
**Lindsay** 1:23 3:7
**litigants** 8:10
**litigation** 17:4
**little** 4:19
**local** 9:16
**looked** 16:17
18:14
**looking** 11:13
14:20
**Loving** 1:16 2:19
2:19,20 6:8,10
6:11 7:19 9:10
11:25 20:25
21:2

**M**

**Madam** 2:9
**Maggio** 1:21 3:8
5:8
**maintain** 21:14
**making** 11:7
15:11
**malice** 9:18
**manipulate** 18:2
18:7
**manipulation**
18:21
**Marc** 2:18
**March** 1:7
**Marianne** 1:25
22:15,20
**Marshall** 1:22 3:9
3:9,16,19,21
5:19 16:2 21:13
21:19
**Maryland** 1:1,6
2:3 8:19 15:4,4
15:5
**matter** 5:24 19:5
19:7,12 22:17
**mean** 10:23
**Mellon** 18:3,23
19:1,23 20:3,4,6
21:15
**memoranda**
16:14

**Mennell** 10:10
**mentioned** 15:10
18:22
**Mercury** 18:15
**mic** 14:23
**Michael** 1:22 3:9
**microphone** 14:2
**Mine** 8:23
**minutes** 2:8
**mistaken** 4:3
**misworded** 9:8,9
**modified** 20:9
**moment** 4:1 8:21
10:24 13:16
**months** 4:21
**motion** 3:24 4:7
4:10,13,15,16,23
4:24 5:9,22,25
6:1,4 7:20 10:7
14:7 15:2 16:5,9
16:14 17:2,6
20:12,18
**motions** 1:10 2:12
4:22 16:16
**move** 17:23

**N**

**N** 1:13 2:1
**name** 2:16
**need** 14:1,23
**negligence** 9:18
9:19
**Nelson** 3:22
**nice** 2:20,22,24
3:11,14,16,23
**nonremovable**
19:11
**NORTHERN** 1:2
**note** 19:6
**noted** 17:8,18
19:23
**notice** 4:6
**noticed** 21:13
**noting** 18:8
**November** 4:11
4:16
**Number** 3:25 4:9
6:2,4,17

**O**

**O** 2:1
**obviously** 5:25
**October** 4:7
**office** 13:17 21:5
**Officer** 5:8
**officers** 3:10 10:5
19:17
**offices** 2:17 22:1
**Official** 1:25
22:21
**okay** 5:22 6:12
7:1,16 12:20
**once** 12:14
**open** 6:3
**opinion** 9:1 18:5
18:16
**opposition** 5:1,9
5:13 14:8 20:13
**order** 6:17,18
7:10 12:5 20:9
20:11,21 21:16
**ordered** 20:14
**ordinarily** 13:6
**original** 9:9 14:10
**originally** 4:5
9:11
**outweighed** 17:12

**P**

**P** 1:13,13 2:1
**Paper** 3:25 4:9
6:2,4
**papers** 9:2 15:22
**partial** 16:5
**parties** 6:3
**Paul** 18:15
**Paulos** 1:19 3:5
**pending** 2:10,11
4:5,9,15,22 16:6
**plaintiff** 1:4,14
7:3 9:7 15:11,19
15:20 17:19,22
18:2,7,12,18,24
19:3,17 20:25
**plaintiffs** 7:3
**plaintiff's** 20:12
20:15,18
**please** 2:9,15 8:21
**point** 5:14,16,20
8:4 11:23 12:1,4

12:23,24,25
13:1,2 14:6,25
15:24 17:13
20:24 21:4,13
21:18
**police** 1:6 2:11 3:6
3:10 5:2,14,16
10:4,5,8 14:24
19:17 21:9
**policy** 10:10
**position** 10:18
12:21 13:16
**posture** 4:3 6:6
7:2,5,17,18
**practice** 10:10
**predominates**
19:12
**prejudice** 6:20
7:7,14 12:9,16
13:13 14:11,16
17:5 20:17
21:17
**prepared** 8:13
**presently** 4:5,9
6:9
**presiding** 2:4
**previously** 17:17
**principle** 18:3
**problem** 13:7
**procedural** 4:2
7:17,18 16:10
**proceed** 7:22
15:12
**proceeding** 10:3
**proceedings**
22:10,17
**process** 9:20 15:6
**prolong** 16:11
**prolonged** 17:4
**pronouncing** 3:12
5:4
**properly** 18:12
**proposed** 6:18
**protection** 15:6
15:21
**proverbial** 12:25
**provide** 4:2 15:1
**provided** 14:20
**provides** 13:23
15:21

**provision** 15:6
**punitive** 9:21
**put** 6:15
**p.m** 1:8,8

**Q**

**question** 19:11
**questions** 16:16
  16:18
**quite** 3:2

**R**

**R** 1:13,25 2:1
  22:15,20
**raised** 16:4,15,18
  17:22
**raising** 17:20
**read** 20:11
**realize** 8:21
**really** 4:14 13:8
  22:1
**reasons** 6:3 20:8
  20:20
**record** 2:15 6:16
  14:9 18:8 20:8
  20:20 22:16
**Red** 18:16
**referred** 15:13
**referring** 8:23
**refile** 16:9
**reflect** 14:9
**regard** 4:3
**regards** 2:23 3:3
  22:3
**related** 17:2
**relation** 19:17
**relief** 14:20
**remain** 20:1
**remained** 20:5
**remand** 3:25 4:10
  4:15,16,23 5:25
  6:4 7:20 11:20
  14:5,8 17:23,25
  18:19,25 19:3,7
  19:9,21 20:3,3
  20:12,18
**remanded** 14:12
  16:8 20:22
**remedy** 11:18
**removal** 4:6 12:14

13:12 17:20
  18:21,24
**remove** 15:17
  17:18,20
**removed** 18:12,17
**replaced** 16:23
**Reporter** 1:25
  22:21
**representation**
  21:9
**request** 6:16
**requires** 8:5,7
**resolved** 8:17
**respective** 21:22
**respondeat** 10:3
**response** 4:14,15
  5:2 12:13 14:7
  15:8
**retain** 18:25
**review** 16:24 19:6
**re-assert** 11:1
  12:12 18:8
**re-submitting**
  16:14
**Richard** 1:11 2:4
**right** 3:2,22 5:22
  6:12 7:9,16 9:4
  10:1,17 11:12
  13:20 14:25
  16:1 17:1,16
  21:3,7,12,21
**rights** 11:8 15:5
**rise** 2:2 11:21
  19:15 22:8
**Roland** 2:17
**rule** 8:5,6 15:2
  18:11 19:21
**ruled** 21:15
**run** 10:23

**S**

**S** 1:13 2:1
**satisfies** 21:8
**saying** 12:19
**says** 14:6
**seated** 3:25
**second** 10:7
**Section** 11:6,7
  14:18 15:12
  19:8

**see** 2:21,22,24,24
  3:11,14,16,17,23
  3:23
**seek** 10:19 11:1,4
  12:11,14 13:12
  18:8
**seeking** 14:8 16:6
**send** 2:23 8:6 22:3
**sent** 3:2
**separate** 13:8,11
  19:10,14,20
**Sergeant** 5:8
**session** 2:3
**set** 3:24 8:15
**sheet** 4:23
**show** 21:25
**Silverstein** 1:15
  2:6,16,17,20,22
  2:25 6:8,13,14
  6:15,19,22,24
  7:1,8,15,19,21
  7:22,24 8:1,25
  9:3,5,14,22,25
  10:6,12,15,21
  11:3,13,16 12:8
  12:10,18,21
  13:4,9,14,18,19
  17:13,15 20:25
  21:1 22:5
**Silverstein's** 15:8
**similar** 19:6
**single** 19:19
**situation** 11:19
  14:21
**six** 9:21 16:6
**Solicitor's** 13:17
  21:5
**somewhat** 20:9
**sorry** 10:21
**sound** 14:1,23
**speak** 9:5,6 11:25
  14:23
**speaking** 14:1
**specifically** 11:6
**spring** 21:24
**squarely** 8:2
**St** 18:15
**stand** 13:25 14:22
**standard** 16:24
**stands** 22:3,8

**state** 4:10,10 8:6
  8:11,13,14,17,18
  10:19 11:1 13:7
  14:12 16:9,10
  16:15,16,18,22
  16:22,23 17:18
  17:24 18:20
  19:1,3,12,25
  20:5
**states** 1:1,11 2:2
  7:12 8:13 19:8
  20:16
**statutory** 19:7,22
  20:2
**stenographic**
  22:16
**Street** 19:16
**subsequent** 7:10
**subsequently**
  10:19
**substance** 5:24
**substantive** 16:21
**sued** 10:8 11:6
**suggested** 12:5
**suing** 10:13
**suit** 10:3 17:18
**superior** 10:3
**supplemental**
  18:1
**supported** 19:22
**Supreme** 9:1 18:5
  18:16,19 19:2
  19:23
**sure** 3:19 15:1

**T**

**take** 12:25
**taken** 21:25
**tell** 2:23 3:2 9:10
  22:1
**telling** 21:23
**terms** 5:25 7:10
  7:19 9:16 10:10
  10:18 15:12
  16:14 17:8
  19:16 21:8,8
**thank** 5:6,18 7:21
  13:22 14:3
  17:15 21:21
  22:5,6,7

**theory** 11:20
**thereto** 20:13
**thing** 6:15 11:21
**think** 6:5 8:1,8
  10:6,25 12:2,21
  12:23,25 15:19
  15:21,23
**thought** 3:17,23
**three** 9:19 16:6
  19:11
**thrust** 10:25
**today** 2:24 3:18
  20:10
**told** 2:25
**tort** 9:16
**track** 4:20
**transcript** 22:16
**trust** 6:25
**trying** 11:10 15:1
**two** 4:22 9:18
  19:10 20:18
**type** 11:1 14:20

**U**

**understand** 6:23
  9:15 10:17
  12:17,18 13:2
  13:14,16 14:15
  17:7
**understanding**
  5:12
**understands**
  15:20
**undue** 16:12
**unequivocally**
  14:10
**United** 1:1,11 2:2
  7:12 8:23 19:8
  20:16
**University** 18:4
  18:23 19:1,24
**upheld** 19:2
**usually** 10:11
**U.S** 6:9 7:4 9:1
  12:6 14:16 15:7
  15:9 18:4
**U.S.C** 14:17,18

**V**

**v** 1:5

**versus** 2:11 8:24
  18:4,16,23 19:2
  19:24
**view** 5:14,16,20
  15:24 17:14
  20:24 21:4,13
  21:18
**voice** 14:23

**W**
**wait** 10:24
**waiting** 2:8
**Walker** 2:17,23
  11:25
**want** 7:22 9:6
  11:25 16:2
  21:16
**wanted** 6:15,24
**way** 11:23 12:23
**Weiner** 3:17
**welcome** 3:15 5:7
**we'll** 7:9
**we're** 3:21 4:24
  14:20
**we've** 4:19
**work** 22:1
**Workers** 8:23
**Workley** 1:21 3:8
  5:8
**wrong** 6:5 19:19

**Y**
**Young** 1:3 2:11
  19:18

**Z**
**Zayon** 2:18

**0**
**09-cv-02837-R...**
  1:4

**1**
**1** 19:15
**10** 6:2
**11th** 4:12
**13** 3:25 4:9 6:4
**1441(c)** 19:8
**1500** 19:16
**16** 6:17
**16th** 4:16

**1938** 18:16
**1982** 14:18
**1983** 11:6,8,9
  15:12,13 17:17
  18:10
**1988** 18:4,22 19:2

**2**
**2:08** 1:8
**2:31** 1:8
**2009** 19:15
**2010** 1:7
**24** 15:5
**28** 19:8
**28th** 4:7

**3**
**343** 18:4
**383** 9:1

**4**
**42** 14:17
**484** 18:4

**5**
**5** 1:7

**7**
**715** 9:1